NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3229-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

J.B.,

 Defendant-Appellant.
__________________________________________

 Submitted June 1, 2017 – Decided June 19, 2017

 Before Judges Lihotz and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Burlington County, Indictment
 No. 00-06-0462.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Alan I. Smith, Designated
 Counsel, on the brief).

 Scott A. Coffina, Burlington County
 Prosecutor, attorney for respondent
 (Jennifer Paszkiewicz, Assistant Prosecutor,
 of counsel and on the brief).

PER CURIAM
 Defendant J.B. appeals from an October 23, 2015 order

denying his petition for post-conviction relief (PCR) without an

evidentiary hearing. For the reasons that follow, we affirm.

 I

 In 1999, defendant was stopped by the police because of an

outstanding traffic warrant. A search of his car revealed one

hundred photographs of bound and gagged males between the ages

of fifteen and twenty-two. The men were arranged in poses, and

some were blindfolded. After receiving Miranda warnings,

defendant confessed he took the photographs, but claimed every

person photographed did so willingly.1 Defendant admitted his

bondage activities were "sex related," but denied having sex

with any of those photographed. Taped to some of the

photographs were locks of hair taken from the person pictured.

Defendant referred to these pictures as his "trophies."

 After being charged with three counts of third-degree

luring and enticing a child, N.J.S.A. 2C:13-6, three counts of

fourth-degree harassment, N.J.S.A. 2C:33-4(c) and (e), and one

count of fourth-degree contempt, N.J.S.A. 2C:29-9(a), defendant

contacted one of the boys he photographed and urged him to not

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed.
2d 694 (1966).
 2
 A-3229-15T4
testify against him. Defendant was then charged with tampering

with a witness, N.J.S.A. 2C:28-5(a)(1).

 Because the police seized the photographs without a

warrant, defendant's motion to suppress the pictures was

granted. Before the motion was granted, the police identified

and interviewed A.V., one of the underage males defendant

photographed. A.V. reported he borrowed ten dollars from

defendant and agreed to allow defendant to tie him up to pay off

his debt. Defendant tied him up and blindfolded him with duct

tape, and told A.V. if he tried to talk, defendant would gag

him. Police also spoke with D.F. and T.D., who reported

defendant tied them up as well.

 After the photographs were suppressed, all but the

tampering and contempt charge were dismissed. In January 2002,

defendant pled guilty to the tampering charge, in exchange for

the dismissal of the contempt charge and another indictment, in

which defendant was charged with luring and enticing a child, as

well as endangering the welfare of a child. Defendant was

sentenced to a five-year term of imprisonment. Defendant did

not file a direct appeal from his conviction and sentence.

 Before his release from prison, in 2004, the State

successfully petitioned the court for defendants civil

commitment under the Sexually Violent Predator Act (SVPA),
 3
 A-3229-15T4
N.J.S.A. 30:4-27.24 to -27.38. In a lengthy, comprehensive

opinion, the court found defendant committed four "sexually

violent offenses" as defined by N.J.S.A. 30:4-27.26(b),

warranting commitment to the Special Treatment Unit. N.J.S.A.

30:4-27.26(b) states a sexually violent offense can be "any

offense for which the court makes a specific finding on the

record that, based on the circumstances of the case, the

person's offense should be considered a sexually violent

offense." Ibid.

 Three of the sexually violent offenses occurred before the

discovery of and were unrelated to the photographs discovered in

defendant's car.2 The court found the fourth sexually violent

offense was putting young men, including underage males, in

bondage, as evidenced by the subject photographs. The court

acknowledged tampering with a witness is not a sexually violent

offense, but placing underage males, who cannot render consent,

in bondage was, noting the photographs defendant took of those

he put in bondage "would do credit to the Marquis de Sade." The

court further noted:

2
 Accounts of the other three offenses are detailed in our
opinion affirming the commitment court, In re Civil Commitment
of J.M.B., 395 N.J. Super. 69, 76-82 (App. Div. 2007), and the
Supreme Court's opinion affirming our opinion. In re Commitment
of J.M.B., 197 N.J. 563, 579-86 (2009).
 4
 A-3229-15T4
 The [defendant] in the interview with Dr.
 Zeiguer admitted . . . bondage was his
 sexual preference. It was a sexual thing.
 . . .

 [Dr. Reeves] conclude[d] "[J.B.] is a sexual
 sadist." He bases this diagnosis on the
 established pattern of criminal offenses and
 the statements of [J.B.] himself.
 [Defendant] has acknowledged that he is
 sexually aroused by the bondage of his
 subjects.

 [Defendant] also is sexually excited
 according to Dr. Reeves by the humiliation
 his victims endure when he cuts their hair.
 And by the fear his victims suffer when he
 ties them up.

 Although the photographs were suppressed in the criminal

matter, the court observed they were admissible in the civil

commitment action, enabling the mental health witnesses to

testify about the photographs and how they show defendant's

"predilections" and "sexual deviancy." The court also noted

defendant had a "continuing interest" in the photographs after

they were turned over to the State, as exhibited by his motion

to retrieve the photographs after the motion to suppress was

granted. The court stated, "He not only wanted his pictures

back but he wanted the locks of hair which he had collected from

the victims, as well, demonstrating a continuing interest in

matters of this sort."

 5
 A-3229-15T4
 We affirmed the trial court, see In re Civil Commitment of

J.M.B., 395 N.J. Super. 69 (App. Div. 2007), and we were

affirmed by the Supreme Court. In re Commitment of J.M.B., 197

N.J. 563 (2009), cert. denied, 558 U.S. 999, 130 S. Ct. 509, 175

L. Ed. 2d 361 (2009).

 In 2006, defendant filed a PCR petition. He claimed plea

counsel had been ineffective for failing to advise him he could

be civilly committed under the SVPA if he pled to witness

tampering. On March 30, 2007, the PCR court denied defendant's

petition without prejudice, because the trial court's order

civilly committing defendant was pending appeal. Defendant

filed a notice of appeal challenging the PCR court's decision to

deny his petition without prejudice, but later withdrew that

appeal.

 In July 2008, defendant filed a second PCR petition. On

November 15, 2010, the PCR court denied this petition without

prejudice because, although the New Jersey Supreme Court had

issued its opinion, another petition defendant filed for

certification to the Court was pending.

 On April 5, 2011, the PCR court again denied without

prejudice defendant's second PCR petition, because defendant "is

currently involved in pursing the civil commitment matter

through both the State and Federal Court systems[.]" However,
 6
 A-3229-15T4
the April 5, 2011 order provided defendant could reinstate his

petition within thirty days "after all Court proceedings

involving the civil commitment have been concluded."

 A federal habeas corpus application defendant filed was

denied on June 20, 2012, concluding all challenges to the

decision to civilly commit him. However, he did not re-file his

second PCR petition until November 2014. Attached to his brief

is a certification from a public defender who admitted

forgetting, or advising the pool attorney to whom this matter

was assigned, to refile the second petition within the thirty

day deadline mandated by the April 5, 2011 order.

 In his pro se brief filed in support of his second PCR

petition, defendant complained that, before he pled to witness

tampering, both the plea court and plea counsel failed to advise

him there was a "potential possibility" he would be civilly

committed under N.J.S.A. 30:4-27.26(b). His argument was not

well articulated, but he seemingly asserts the plea to witness

tampering provided a basis for the commitment court to examine

during the commitment hearing the factual circumstances that

culminated in this particular plea, and to conclude defendant

had engaged in sexually violent acts with underage boys.

Defendant claims had he known of this potential, he would not

have pled guilty to witness tampering.
 7
 A-3229-15T4
 On October 23, 2015, the PCR court found the relief

defendant sought procedurally barred as untimely; the court did

not cite the specific authority under which it ruled. The court

also rejected the petition on substantive grounds, determining

the holding in State v. Bellamy, 178 N.J. 127 (2003), precluded

plaintiff from relief.

 II

 On appeal, defendant presents the following issues for our

consideration:

 POINT I: THE ORDER DENYING POST-CONVICTION
 RELIEF SHOULD BE REVERSED BECAUSE,
 REGARDLESS OF WHETHER TRIAL COUNSEL WAS
 INEFFECTIVE UNDER THE STRICKLAND TEST,
 DEFENDANT'S FOURTEENTH AMENDMENT DUE PROCESS
 RIGHT TO BE CORRECTLY INFORMED OF ALL
 RELEVANT CONSEQUENCES OF HIS GUILTY PLEA
 DIRECTLY BY THE TRIAL COURT WAS VIOLATED.

 POINT II: THE ORDER DENYING POST-CONVICTION
 RELIEF SHOULD BE REVERSED AND THE MATTER
 REMANDED FOR AN EVIDENTIARY HEARING BECAUSE
 DEFENDANT MADE A PRIMA FACIE SHOWING OF
 INEFFECTIVE ASSISTANCE OF COUNSEL.

 POINT III: THE PCR COURT'S RULINGS VIOLATED
 DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF
 COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT
 TO THE UNITED STATES CONSTITUTION.

 POINT IV: THE PCR COURT MISAPPLIED ITS
 DISCRETION IN APPLYING THE PROCEDURAL BARS
 OF R. 3:22-5 AND R. 3:22-12.

 We first address defendant's substantive contention plea

counsel was ineffective for failing to advise his guilty plea
 8
 A-3229-15T4
may lead to a finding he had engaged in a sexually violent

offense, requiring commitment.

 The standard for determining whether counsel's performance

was ineffective for purposes of the Sixth Amendment was

formulated in Strickland v. Washington, 466 U.S. 668, l04 S. Ct.

2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court

in State v. Fritz, 105 N.J. 42 (l987). In general, in order to

prevail on a claim of ineffective assistance of counsel,

defendant must meet the following two-prong test: (l) counsel

made errors so egregious he or she was not functioning

effectively as guaranteed by the Sixth Amendment to the United

States Constitution; and (2) the errors prejudiced defendant's

rights to a fair trial such that there exists a "reasonable

probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 694, l04 S. Ct. at 2068, 80 L.

Ed. 2d at 698.

 However, if seeking to set aside a guilty plea based on

ineffective assistance of counsel, the second prong a defendant

must meet is "there is a reasonable probability that, but for

counsel's errors, [the defendant] would not have pled guilty and

would have insisted on going to trial." State v. Nuñez-Valdéz,

 9
 A-3229-15T4
200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J.

434, 457 (1994)). Here, defendant failed to meet both prongs.

 As for the first prong, in Bellamy, the Supreme Court did

hold a defendant exposed to the possibility of commitment under

the SVPA as a result of a guilty plea must be so advised at the

time of the plea by either the court or counsel. Bellamy,

supra, 178 N.J. at 139. The holding was based on "fundamental

fairness," not upon the premise the consequences were considered

"direct" or "penal." Ibid.

 However, the obligation imposed by Bellamy was given only

limited retrospective effect. Id. at 140. The Court made the

case retroactive to only those cases on direct appeal. Id. at

142-43. That is, the Court gave the holding "pipeline"

retroactivity only. Here, defendant was sentenced in April

2002; he did not file a direct appeal after he was sentenced.

Accordingly, Bellamy's holding provides no support for his

argument counsel was ineffective.

 Second, defendant does not clarify why he would have

rejected the subject plea and instead insisted on going to trial

had he known there was a potential the State would seek to have

him committed if he pled guilty. If he had gone to trial, he

would have had to defend himself against not only the witness

 10
 A-3229-15T4
tampering charge, but also other charges, including a charge in

another indictment for luring and enticing a child.

 But more important, even if he prevailed at trial, the

State was still free to seek his civil commitment. There were

other acts found to be sexually violent offenses that led to the

commitment court's conclusion defendant's commitment was

warranted. Defendant does not address this other significant

evidence.

 Satisfied from our review of the record defendant failed to

make a prima facie showing of ineffectiveness of trial counsel

within the Strickland-Fritz test, we conclude the PCR court

correctly determined an evidentiary hearing was not warranted.

See State v. Preciose, 129 N.J. 451, 462-63 (1992).

 As for defendant's contention the plea court erred when it

failed to advise defendant at the time of his plea he may be

civilly committed under the SVPA, first, defendant was required

to assert such contention on direct appeal. Second, the reasons

we reject defendant's claim counsel was ineffective for failing

to render this advice at the time of the plea apply as well to

his argument the court similarly erred.

 Because of our disposition, it is unnecessary to address

whether defendant's second petition was time-barred.

 Affirmed.
 11
 A-3229-15T4